UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM SANTIAGO,

                        Plaintiff,

          v.

NANCY A. BERRYHILL,[1] Commissioner of
Social Security,

                        Defendant.
_____

**DECISION
and
ORDER**

**17-cv-00728F
(consent)**

APPEARANCES:           LAW OFFICE OF KENNETH R. HILLER
                             Attorneys for Plaintiff
                             AMY C. CHAMBERS, of Counsel
                             6000 Bailey Avenue
                             Suite 1A
                             Amherst, New York 14226

                             JAMES P. KENNEDY, JR.
                             UNITED STATES ATTORNEY
                             Attorney for Defendant
                             ANDREA LECHLEITNER
                             Special Assistant United States Attorney, of Counsel
                             Federal Centre
                             138 Delaware Avenue
                             Buffalo, New York 14202, and

                             STEPHEN P. CONTE
                             Regional Chief Counsel
                             United States Social Security Administration
                             Office of the General Counsel, of Counsel
                             26 Federal Plaza – Room 3904
                             New York, New York 10278-0004

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Fed.R.Civ.P. 25(d), Berryhill is substituted for Carolyn Colvin as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On June 19, 2018, the parties consented, pursuant to 28 U.S.C. § 636(c) and a Standing Order (Dkt. No. 16), to proceed before the undersigned. (Dkt. No. 16-1). The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on motions for judgment on the pleadings, filed on March 27, 2018, by Plaintiff (Dkt. No. 10), and on March 30, 2018 by Defendant (Dkt. No. 14).

## BACKGROUND

Plaintiff William Santiago ("Plaintiff" or "Santiago"), was born on September 15, 1970 (R. 232),[2] and completed grade 10 in high school (R. 207). Plaintiff brings this action under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on May 23, 2013, for Title XVI Supplemental Security Insurance benefits ("SSI").

In applying for disability benefits, Plaintiff alleges that he became disabled on April 1, 2012, as a result of depression and anxiety. (R. 207). Plaintiff's applications initially were denied on June 19, 2013. (R. 111). At an administrative hearing held on January 15, 2015, before Administrative Law Judge Eric Glazer ("Judge Glazer" or "the ALJ"). Plaintiff, represented by Albert Villoman, Esq. ("Villoman"), appeared and testified. Plaintiff continued his testimony during a second hearing on May 14, 2015.

---

[2] "R" references are to the pages of the Administrative Record electronically filed by Defendant on August 14, 2017. (Dkt. No. 7).

(R. 62-84).  The ALJ's decision became the final decision after it was affirmed by the Appeals Council on June 8, 2017.  This action followed on August 1, 2017.  (Dkt. No. 1).

On March 27, 2018, Plaintiff filed a motion for judgment on the pleadings (Dkt. 12) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 12-1) ("Plaintiff's Memorandum").  On March 30, 2018, Defendant filed a motion for judgment on the pleadings and in response to Plaintiff's motion (Dkt. 14) ("Defendant's Motion") attaching a Memorandum of Law in Support of Defendant's Motion for Judgment on the Pleadings.  (Dkt. 14-1) ("Defendant's Memorandum").  On April 10, 2018, Plaintiff filed a reply to Defendant's motion.  (Dkt. No,. 15) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is GRANTED; Defendant's Motion is DENIED.

## DISCUSSION

**1.    Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether

3

the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[3] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

**2.   Disability Determination**

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). If the claimant is engaged in such activity, the inquiry ceases and the claimant is not eligible for disability benefits. *Id.* Next to be determined is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

4

the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Absent such an impairment, the applicant is not eligible for disability benefits. *Id.* Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement,[4] there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity," which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work. 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing past relevant work, disability benefits will be denied, *id.*, but if the applicant is unable to perform past relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R.

---

[4] The duration requirement mandates the impairment must last or be expected to last for at least a continuous twelve-month period. 20 C.F.R. §§ 404.1509 and 416.909.

§§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In this case, it is undisputed that Plaintiff has no relevant past work and that the ALJ determined that Plaintiff is disabled from a combination of his mental impairments and substance abuse. (R. 30-31). Nevertheless, the parties dispute the ALJ's finding that Plaintiff "would not be disabled if he stopped [his] substance abuse." (R. 34).

The ALJ's determination that Plaintiff, despite being deemed disabled by his mental impairments, is not entitled to disability benefits is premised on 42 U.S.C. §§ 423(d)(2)(c), and 1382c(a)(3)(J), which provide that a claimant found to be disabled according to the five-step inquiry will not be considered disabled within the Act if alcoholism or drug addiction are deemed to be contributing factors material to the Commissioner's determination that the individual is disabled. *See also* 20 C.F.R. §§ 404.1535(a) ("If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability"), and 416.935(a) (same). The inquiry in determining whether alcoholism or drug addiction are contributing factors material to the determination of disability is whether the claimant would still meet the definition of disability under the Act if he or she stopped using drugs or alcohol. *See* 20 C.F.R. §§ 404.1535(b)(1), and 416.935(b)(1). If the claimant's remaining limitations would not be disabling, the claimant's drug or alcohol addiction is found to be a contributing factor material to the determination of disability and benefits will be denied. 20 C.F.R. § 404.1535(b)(2). Alternatively, if it is determined that the claimant's remaining limitations are disabling, the claimant will be deemed disabled independent of

his drug or alcohol addiction such that the claimant's drug or alcohol addiction is not a contributing factor material to a finding of disability and benefits will be granted. 20 C.F.R. § § 404.1535(c), and 416.935(c). To find that drug and/or alcohol use is material, an ALJ "must have evidence in the case record that establishes that a claimant with a co-occurring mental disorder(s) would not be disabled in the absence of [drugs or alcohol]." See Bukowski v. Berryhill, 2017 WL 5789990, at * 2 (W.D.N.Y. Nov. 29, 2017) (citing Social Security Ruling 13-2p, Titles II and XVI: Evaluating Cases Involving Drug Addiction and Alcoholism "(DAA"), 2013 WL 621536, at *9 (Feb. 20, 2013) (hereinafter "S.S.R. 13-2p")). Disability claimants are not required to put forth evidence of a period of abstinence to meet his or her burden of proving disability. Id.

Plaintiff maintains that the ALJ erred by not evaluating Plaintiff's psychotic disorder separately from Plaintiff's anxiety and depression, completing an inquiry on Plaintiff's ability to manage stress, including limitations from Plaintiff's mental impairments in the ALJ's residual functional capacity assessment of Plaintiff, affording proper weight to the opinion of State agency psychologist C. Butensky, Ph.D., ("Dr. Butensky"), and including findings on Plaintiff's limitations from consultative examiner Susan Santarpia, Ph.D., ("Dr. Santarpia"), and consultative psychiatrist Caillean McMahon-Tronetti , D.O. ("Dr. McMahon-Tronetti"). Plaintiff's Memorandum at 19-27. The court does not address these arguments, however, as the record establishes that Plaintiff remained disabled by his mental impairments for a period of at least 12 months while abstinent from using illicit drugs. See S.S.R. 13-2p (finding of no materiality where the record is fully developed and evidence does not establish that the claimant's physical or mental impairments would improve to the point of non-disability in the

7

absence of drug or alcohol abuse). Here, Plaintiff's last established date of drug use was on April 12, 2011, when Plaintiff reported to Todd Spencer ("Mr. Spencer"), a clinical social worker at Lake Shore Behavioral Health ("Lakeshore"), that he had used alcohol and cocaine one week prior to the visit. (R. 335). Substantial evidence in the record supports that Plaintiff remained abstinent from that date until the ALJ's decision on October 29, 2015. (R. 34). Significantly, Plaintiff's medication management visits to Lakeshore on March 2, 2012, March 20, 2012, May 18, 2012, July 17, 2012, September 14, 2012, April 19, 2013, June 21, 2013, August 13, 2013, October 4, 2013, October 18, 2013, November 15, 2013, and November 15, 2013 (R. 337-38), support that Plaintiff did not use drugs or alcohol, as none of Plaintiff's mental health related medications were discontinued or altered in response to Plaintiff's continued illicit use of drugs. Frederick Elliott, M.D. ("Dr. Elliott"), Plaintiff's treating physician at Lakeshore, ordered and reviewed laboratory tests on Plaintiff on February 20, 2013 (R. 281), and March 20, 2013 (R. 277-80), which confirmed that Plaintiff remained abstinent from drugs, and re-filled Plaintiff's Suboxone[5] medication. On November 24, 2014, Nurse Practitioner Annmarie Kenny ("N.P. Kenny"), reviewed results from a fasting laboratory test completed by Plaintiff on November 18, 2014, that confirmed Plaintiff had not used drugs, and re-filled Plaintiff's Seroquel (bipolar, schizophrenia, sudden episodes of mania or depression from bipolar disorder), Clonidine (hypertension), and Ambien (sleep aid) medications. (R. 346-47). Such evidence supports that Plaintiff remained drug free from April 12, 2011 (the date upon which Plaintiff reported to Mr. Spencer that he had used drugs one week before), until the date of the ALJ's decision on October 29,

---

[5] Suboxone (buprenorphine and naloxone) is used as a long-term treatment for opiate addiction.

8

2015. Substantial evidence also establishes that Plaintiff's mental impairments did not improve during the time which Plaintiff abstained from using drugs.

In particular, on April 16, 2013, Dr. Santarpia noted that Plaintiff reported decreased appetite, fluctuating mood with hopelessness, excessive apprehension and worry, restlessness, auditory hallucinations, short term memory and concentration deficits (R. 298-99), and evaluated Plaintiff with mild to moderate limitations in learning new tasks, performing complex tasks independently, making appropriate decisions, relating adequately with others, and appropriately dealing with stress caused by his psychotic symptoms. (R. 300). On September 5, 2014, N.P. Kenny completed a progress note on Plaintiff and noted that Plaintiff reported anxiety, hypervigilance, and paranoia when in public, crowds, and darkness. (R. 342). During a medication management visit with N.P. Kenny on October 31, 2014, Plaintiff reported continued anxiety, paranoia, hypervigilance effects of post-traumatic stress disorder ("PTSD"), panic, derealization, instability and irritability. (R. 344). On December 22, 2014, Ana Lucia Shatah ("Ms. Shatah"), a crisis counselor at Lakeshore, outlined Plaintiff's participation in mental health and substance abuse treatment since March 2011, in response to a request from the Social Security Administration:

> [Ms. Shatah has provided] mental health counseling [to Plaintiff] on a biweekly basis, and [Plaintiff] also sees a psychiatrist for medication management . . . has been diagnosed with [s]chizoaffective [d]isorder and [a]nxiety . . . and has been prescribed psychotropic medications accordingly to assist [Plaintiff] in managing [his] current symptoms which include depression, anxiety attacks, unstable moods, hallucinations, irritability, low energy, poor concentration, low frustration tolerance and insomnia that interfere with [Plaintiff's] functioning.
> (R. 351).

Plaintiff testified that he sleeps a lot, doesn't have any friends, stays in his apartment and speaks to his mother twice a week. (R. 73). The ALJ's finding that Plaintiff's reported past use of drugs is material to a finding that Plaintiff is not disabled is therefore without support of substantial evidence; rather, substantial evidence in the record establishes that Plaintiff, abstinent from drugs from April 12, 2011 until October 29, 2015, remained disabled as a result of his mental impairments.

Moreover, the ALJ's finding that Plaintiff lacked credibility based on the Plaintiff's inconsistent statements of prior drug use (R. 28-29), is also without merit as ALJs may not use a claimant's self-reported drug or alcohol use to establish materiality. *See Bukowski*, 2017 WL 5789990, at *4 (claimant's self-reported drug or alcohol use does not establish materiality because it is not objective medical evidence).

Plaintiff's motion on this issue is therefore GRANTED and the matter is therefore REMANDED for calculation on benefits.

**Remand**

Mindful of the often painfully slow process by which disability determinations are made, the Second Circuit instructs that some evaluation of relative hardship to a claimant of further delay should be considered, *Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir. 2004), district courts may therefore "when appropriate set a time limit for action by the administrative tribunal, and this is often done." *Zambrano v. Califano,* 651 F.2d 842, 844 (2d Cir. 1981) (citing cases). *See also Michaels v. Colvin*, 621 Fed.App'x. 35, 41 (2d Cir. Aug. 14, 2015) (directing upon remand for further fact-finding at step five that given eight years had elapsed since the plaintiff filed for disability benefits, the further administrative proceedings were to be completed within 120 days, with the

Commissioner's final decision to be rendered within 60 days of any appeal by the plaintiff from the ALJ's decision, and citing *Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir. 2004) (imposing time limit on remand where "the past delay is of such magnitude – years – that a time limit is imperative") *as amended on reh'g in part*, 416 F.3d 101, 106 (2d Cir. 2005) (providing that if deadlines for further administrative proceedings at the fifth step, on which the Commissioner bears the burden of proof, are not met, "a calculation of benefits owed [plaintiff] must be made immediately)).

Plaintiff filed his application for disability on January 15, 2013 (R. 183), testified at an administrative hearing on May 14, 2015 (R. 62-84), received a final decision of not disabled on October 29, 2015 (R. 24-34), and a denial by the Appeals Council on June 8, 2017. (R. 1-5). As it has been more than six years since Plaintiff first filed his application for disability, further delay for remand is a hardship this Plaintiff should not bear. The Commissioner's calculation of benefits should therefore be completed <u>within 120 days</u> of this Decision and Order. *See Dambrowski v. Astrue,* 590 F.Supp.2d 579, 588 (S.D.N.Y.) (imposing a time limit of 120 days for subsequent proceedings when five years had passed since Plaintiff filed his application).

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 12) is GRANTED; Defendant's motion (Doc. No. 14) is DENIED, and the matter is REMANDED to the Commissioner solely for calculation of benefits.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: January 23, 2019
Buffalo, New York