UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM S.,

                      Plaintiff,

        v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                  Defendant.
_____

**DECISION
and
ORDER**

**17-CV-728F**
**(consent)**

APPEARANCES:      LAW OFFICES OF KENNETH R. HILLER, PLLC
                            Attorneys for Plaintiff
                            KENNETH R. HILLER, and
                            AMY C. CHAMBERS, of Counsel
                            6000 North Bailey Avenue
                            Suite 1A
                            Amherst, New York  14226

                            JAMES P. KENNEDY, JR.
                            UNITED STATES ATTORNEY
                            Attorney for Defendant
                            Federal Centre
                            138 Delaware Avenue
                            Buffalo, New York  14202
                                and
                            ANDREA LAURA LECHLEITNER,
                            Special Assistant United States Attorneys, of Counsel
                            Social Security Administration
                            Office of General Counsel
                            26 Federal Plaza
                            Room 3904
                            New York, New York  10278

---

[1] Andrew M. Saul became Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On June 19, 2018, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned.  (Dkt. 16).  The matter is presently before the court on Plaintiff's counsel's motion for approval of attorney fees under 42 U.S.C. § 406(b), filed September 16, 2019 (Dkt. 21) ("Fee Petition").

## BACKGROUND

Plaintiff commenced this action on August 1, 2017, pursuant to Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on November 14, 2012, for Supplemental Security Income ("SSI") under Title XVI of the Act ("disability benefits").  Opposing motions for judgment on the pleadings were filed by Plaintiff on March 27, 2018 (Dkt. 12), and by Defendant on March 30, 2018 (Dkt. 14).  In a Decision and Order filed January 23, 2019 (Dkt. 17) ("D&O"), judgment on the pleadings was granted by the undersigned in favor of Plaintiff with the matter remanded to the Commissioner solely for calculation of benefits.  On April 23, 2019, Plaintiff applied for fees in connection with the remand, under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (Dkt. 19-1), in the amount of $ 6,335.95 ("EAJA fee"), which amount the parties agreed to by stipulation filed April 24, 2019 (Dkt. 19), and approved by Text Order entered April 26, 2019 (Dkt. 19), with the EAJA fee received by Plaintiff's attorney on June 18, 2019.  (Dkt. 21-2 ¶ 13).  On July 8, 2019, the SSA issued a Notice of Award granting Plaintiff disability benefits including $ 58,679 in retroactive benefits, but making

no mention of any amount withheld for payment of attorney's fees.  Notice of Award

(Dkt. 21-4).  On September 16, 2019, Plaintiff filed the instant Fee Petition (Dkt. 21)

pursuant to 42 U.S.C.§ 406(b), seeking $ 14,669.75 in attorney fees for 32.6 hours work

doe an hourly rate of $ 450, and indicating the EAJA fee has been received.  In

response, the Commissioner advises it raises no objections to the Fee Petition.  (Dkt.

26).  No further reply was filed in support of the Fee Petition.


## DISCUSSION

As relevant to the instant motion, the Act provides

> Whenever a court renders a judgment favorable to a claimant under this
> subchapter who was represented before the court by an attorney, the court may
> determine and allow as part of its judgment a reasonable fee for such
> representation, not in excess of 25 percent of the total of the past-due benefits to
> which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A) ("§ 406").

Here, in retaining counsel in connection with her disability benefits application, Plaintiff

executed a contingent Fee Agreement[2] providing counsel with permission to apply for

fees up to 25% of any retroactive benefits awarded under § 406 if Plaintiff's disability

benefits application required litigation in federal court.  Nevertheless, even if the

requested attorney fee does not exceed the statutory 25% cap, "the attorney for the

successful claimant must show that the fee sought is reasonable for the services

rendered."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Where, as here, there exists an attorney-client contingent fee agreement, "§ 406

does not displace contingent-fee agreements as the primary means by which fees are

---

[2] A copy of the Fee Agreement is filed as Dkt. 21-3.

set for successfully representing Social Security benefits claimants in court.  Rather, §
406(b) calls for court review of any such arrangements as an independent check to
assure that they yield reasonable results in particular cases."  *Id*.  Contingent fee
agreements are also entitled to some deference, *Wells v. Sullivan*, 907 F.2d 367, 371
(2d Cir. 1990), in the interest in assuring that attorneys continue to represent clients
such as the plaintiff.  *Gisbrecht*, 535 U.S. at 805.  Nevertheless, contingent fee
agreements "are unenforceable to the extent that they provide for fees exceeding 25
percent of the past-due benefits."  *Id*.  As such, "[w]ithin the 25 percent boundary . . . the
attorney for the successful claimant must show that the fee sought is reasonable for the
services rendered."  *Id*.

The Second Circuit Court of Appeals has identified three factors to be considered
in determining whether to approve the full amount of attorney fees requested under a
contingent fee agreement, including (1) whether the requested fee is within the 25%
statutory cap; (2) whether there was any fraud or overreaching in making the contingent
fee agreement; and (3) whether the requested fee is so large as to be a "windfall" to the
attorney.  *Wells*, 907 F.2d at 372.  The court is also required to assess whether the
requested fee is inconsistent with the character of the legal representation and the
results achieved by legal counsel, as well as whether counsel effected any
unreasonable delay in the proceedings to increase the retroactive benefits and,
consequently, the attorney's own fee.  *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 456
(W.D.N.Y. 2005) (citing *Gisbrecht*, 535 U.S. at 808).  Here, as stated, the Commissioner
does not oppose the Fee Petition.  Dkt. 26 at 5-6.  Further, the amount of attorney fees
requested does not exceed the statutorily permitted 25% of the retroactive disability

benefits, and nothing in the record suggests there was any fraud or overreaching in making the contingent fee agreement and, accordingly, the court limits its review to whether the amount of fees requested in the Fee Petition is reasonable or would be a windfall to counsel.

Plaintiff's counsel requests as attorney fees $ 14,669.75, which is equal to the statutory 25 % cap based on the $ 58,679 retroactive disability benefits awarded Plaintiff.  Dividing the requested fee of $ 14,669.75 by 32.6 hours Plaintiff documents spending on Plaintiff's case, Dkt. 21-2 at 2-3, results in an hourly rate of $ 450.  When analyzing whether a fee award is reasonable or amounts to a windfall to the attorney, courts consider whether (1) the attorney's efforts were particularly successful, (2) the attorney expended effort through pleadings that were not boilerplate and arguments requiring research and issues of material fact, and (3) the attorney, based on his experience litigating Social Security matters, handled the case with efficiency. *McDonald v. Comm'r of Soc. Sec.*, 2019 WL 1375084, at * 2 (W.D.N.Y. Mar. 27, 2019) (citing *Wargo v. Colvin*, 2016 WL 787960, at *2 (W.D.N.Y. Mar. 1, 2016)).

In the instant case, it cannot be denied that counsel's efforts in this matter were clearly successful as they resulted in an award of benefits to Plaintiff upon remand. Plaintiff's counsel asserts she expended a total of 32.6 hours representing Plaintiff in this matter, including, *inter alia*, reviewing the decision of the Administrative Law Judge ("ALJ") denying Plaintiff benefits at the administrative level, reviewing the administrative record, preparing and filing the complaint and motion to proceed *in forma pauperis*, preparing and filing certificate of service, researching, drafting, reviewing and filing the motion for judgment on the pleadings, along with a memorandum of law in support, and

preparing and filing the EAJA motion.  Dkt. 21-2 at 2-3.  Given the amount and type of work required in this action, this rate would be about 50% of the hourly rate for fees awarded in similar cases.  *See*, *e.g.*, *McDonald*, 2019 WL 1375084, at * 2-3 (approving attorney fee award of $ 30,602.75 for 29.1 hours of work resulting in hourly rate of $ 1,051.64); *Joslyn v. Barnhart*,  389 F.Supp.2d 454, 455-56 (W.D.N.Y. 2005) (approving attorney fee award of $ 38,116.50 for 42.75 hours of work resulting in hourly rate of $ 891.61).  In fact, the effective hourly rate is more consistent with cases where have reduced fees based on a determination that the cases required only a modest amount of work.  *See*, *e.g.*, *Mitchell v. Astrue*, 2019 WL 1895060, at * 5 (E.D.N.Y. Apr. 29, 2019) (awarding attorney fees at $ 500 hourly rate where the plaintiff's attorney expended only 1.6 hours on the case before the Commissioner agreed to remand); and *Devenish v. Astrue*, 85 F.Supp.3d 634, 638 (E.D.N.Y. 2015) (plaintiff's attorney never prepared any memorandum of law nor advanced any legal arguments because the matter was remanded to the SSA by stipulation, supporting § 406(b) attorney fee award reflecting reduction of hourly rate to $ 350 from $ 1000).  In contrast, here, the record shows the Plaintiff's counsel reviewed the entire record and prepared the necessary pleadings, motions, and memoranda of law.

In these circumstances, the court finds the hourly rate  of $ 450 is not unreasonable, such that the requested fees of $ 14,669.75 for 32.6 hours of work also is not unreasonable.

**<u>CONCLUSION</u>**

Based on the foregoing, Plaintiff's Fee Petition under § 406(b) (Dkt. 21) is

GRANTED; Plaintiff is awarded $ 14,669.75 in fees to be paid from Plaintiff's retroactive

benefits award.  Plaintiff's counsel is directed to remit to Plaintiff the $ 6,335.95 received

for the EAJA fee award.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:        April 6th, 2021
              Buffalo, New York